IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN JOSEPH KALLO,

    Petitioner,                   No. CIV S-03-0104 LKK/GGH P

  vs.

SYLVIA GARCIA, Warden,          O R D E R

    Respondent.

_____/

    Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On April 6, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.

////

1

Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis, with the additional reasons as set out below.

**A.   STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act (AEDPA) "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997); 28 U.S.C. § 2254(d).

Normally, applying the standards of review set forth in the AEDPA, courts look through the unexplained decisions to the last reasoned decision as the basis for the state court's judgment. Gill v. Ayers, 342 F.2d 911, 917 n. 5 (9th Cir. 2003). Here, that is the decision by the California Court of Appeal for the Third District.

28 U.S.C. § 2254(d) provides,

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

A decision is "contrary to" clearly established federal law if its application of a rule contradicts the governing law set forth in Supreme Court cases. Price v. Vincent, 538 U.S. 634, 640 (2003). A decision is an "unreasonable application" of clearly established federal law if the correct legal principles are identified but the application of those principles to the facts in done unreasonably. Williams v. Taylor, 529 U.S. 362, 413 (2000). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal citations omitted).

**B.    CALIFORNIA SUPREME COURT OPINION IN RELIFORD**

In order to be candid, the court must note that the instructions leave a lot to be desired. However, the California Supreme Court has directly reviewed the instructions which petitioner complains about and held that, while they were in need of improvement, they were not unconstitutional as written. People v. Reliford, 29 Cal.4th 1007, 1015 (2003). As set out above, this court's review is limited and habeas can only be granted if the application of the law by the state court is not only incorrect but unreasonable. Lockyer v. Andrade, 538 U.S. at 75. The court is obligated to defer to the reasoned state court

3

decision on the issue, and while the California Supreme Court decision was not in this specific case, it was reviewing an identical instruction and thus this court is obligated to follow its outcome unless it is blatantly unreasonable.

In <u>Reliford</u>, the Court reviewed the sentence "the weight and significant of the evidence, if any, are for you to decide" and stated that while it could "find no constitutional error in the 1999 version of the instruction" it nonetheless recognized that "it could be improved." 29 Cal.4th at 1016. This statement was dicta but was reasoned and on-point.

Further, "if a jury instruction is deemed ambiguous it will violate due process only when a reasonable likelihood exists that the jury has applied the challenged instruction in a manner that violates the Constitution." <u>Gibson v. Ortiz</u>, 387 F.3d 812, 820 (2004) (citing <u>Estelle v. McGuire</u>, 502 U.S. 62, 72 (1991)). When reviewing the instructions as a whole and the substantial quantity of evidence presented against petitioner, the court cannot find a reasonable likelihood that the jury applied a lower standard of proof in determining that Mr. Kallo was guilty of the charged crimes.

**C.   OTHER QUESTIONS**

The court agrees with the magistrate judge's findings and recommendations on the other issues raised and has nothing further to add.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 6, 2005, are adopted in full; and

2. Petitioner's application for a writ of habeas corpus is denied.

IT IS SO ORDERED.

DATED: September 20, 2005.

                                      /s/Lawrence K. Karlton
                                      LAWRENCE K. KARLTON
                                      SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT